UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

ABRA CONSTRUCTION CORP.,

               Plaintiff,

               - against -

LINDA GRECO, et al.,

               Defendants.

**OPINION AND ORDER**

**04 Civ. 0002 (BSJ) (RLE)**

------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. BACKGROUND

This is an action under the Federal Racketeer Influenced and Corrupt Organization ("RICO") statute, 18 U.S.C. §1961 *et seq.*, brought by plaintiff Abra Construction Corporation ("Abra") against numerous defendants. This case was referred to the undersigned by the Honorable Barbara S. Jones on January 27, 2004, for general pretrial matters. In its complaint, Abra alleges defendant The Merchant Bank of New York ("Merchants") engaged in obstruction of justice, and violated 18 U.S.C. §1512. Complaint ¶¶ 63-72. On February 11, 2004, Merchants wrote to Abra's counsel regarding the good faith basis for pleading a violation of 1512(c). Letter to Abra's counsel, attached to Peter Janovsky's Affidavit of March 31, 2004, as Exh. G. Abra did not withdraw or amend the complaint. On April 30, 2004, Merchants moved, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for sanctions against Abra and its attorney of record, Robert J. Miletsky, alleging that certain claims set forth in the complaint are frivolous. Merchants's motion is hereby **DENIED**.

## II. DISCUSSION

In its complaint, Abra alleges that defendants engaged in a scheme to defraud investment

partners of profits on a project known as 112 Duane / 72 Reade Street. Complaint ¶¶ 63-72; ***see also*** Abra's Memorandum of Law in Opposition to Merchants Bank's Motion for Sanctions ("Abra's Mem.") at 2. Before bringing this action, Abra commenced a trust fund diversion action under Article 3-A of the New York Lien Law against Merchants for damages in the Supreme Court of New York. **Id**. Abra alleges that Merchants fraudulently concealed its alleged improper conduct, and engaged in obstruction of justice, by altering and failing to produce materials in response to a subpoena during the state court proceeding. Merchants argues that the alleged conduct could not have violated 18 U.S.C. § 1512 because, at the time of the wrongdoing, there was no federal action pending and the acts of obstruction only interfered with the pending state proceeding. Merchants's Memorandum of Law in Support of its Motion for Sanctions ("Merchants's Mem.") at 5. The Court finds this argument unpersuasive.

Rule 11 establishes "a means by which litigants certify to the court, by signature, that any papers filed are well-founded." **Bus. Guides, Inc. v. Chromatic Communications Enters., Inc.**, 498 U.S. 533, 542 (1991). In pertinent part, Rule 11(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and
>
> (3) the allegations and other factual contentions have evidentiary support, or if specifically so identifies, are likely to have evidentiary support after a reasonable

opportunity for further investigation or discovery...

Rule 11(b). The Court may exercise its discretion in deciding whether or not to sanction a party. Rule 11(c). Sanctions, however, are a drastic remedy and "must be imposed carefully, lest they chill the creativity essential to the evolution of the law." **G-I Holdings, Inc. v. Barton & Budd**, 2002 WL 1934004, at *12 (S.D.N.Y. Aug. 21, 1002) (citation omitted). In determining whether or not the allegations in Abra's complaint are reasonable, an objective standard is applied. *See* **United States v. Int'l Bhd. of Teamsters**, 948 F.2d 1338, 1344 (2d Cir. 1991); *see also* **Oliver v. Thompson**, 803 F.2d 1265, 1275 (2d Cir. 1986), *cert. denied*, 480 U.S. 918 (1987).

The Court finds that Abra's allegations are objectively reasonable in light of the facts. Abra is "required to prove only that . . . [Merchants] intended to interfere with a proceeding (that happened to be a federal proceeding)." **United States v. Bell**, 113 F.3d 1345, 1348 (3rd Cir. 1997), *cert. denied*, 522 U.S. 984 (1997). Section 1512 can be violated even if a federal action has not been commenced and is not about to be commenced at the time of the obstructive conduct. 18 U.S.C. §1512(f). The record shows Abra had an objective and reasonable basis for the allegation in the complaint. Abra contends that Merchants's conduct interfered with a federal "official proceeding" as required under section 1512 – namely, this RICO action. In addition, Abra maintains that Merchants's conduct affected two additional official proceedings as required under § 1512: an action by the Federal Reserve related to Merchants's purported violations of federal law by negotiating checks bearing improper endorsements; and an investigation by federal agents of Merchants's alleged money laundering violations. The Court finds that sanctions are not warranted because it is not evident, from the record, that the allegations in the complaint are patently unreasonable, made in bad faith, or destined to fail.

Finally, in its response to Merchant's motion, Abra asks the Court to grant Rule 11 sanctions against Merchants for bringing a frivolous Rule 11 motion. Abra's Mem. at 16. However, Abra has not invoked the safe harbor provision of the rule. *See* Rule 11(c)(1)(A). Moreover, Merchants's motion is not clearly frivolous, and in fact presented a close question. As a result, fees are not warranted.

### III. CONCLUSION

The Court finds that there is no basis for sanctions against either party. Merchants's motion pursuant to Rule 11 is **DENIED**. Abra's application, if considered a motion, is also **DENIED**.

**SO ORDERED this 23rd day of September 2005**
**New York, New York**

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge